The People of the State of New York, Plaintiff, *v.* Jack Richmond, Defendant.

Supreme Court, Kings County, February 16, 1943.

*Allan D. Emil* for defendant.

*Thomas C. Hughes, Acting District Attorney (Edward Levine* of counsel), for plaintiff.

Steinbrink, J. On this application for a certificate of reasonable doubt the following facts were disclosed: On August 27, 1942, the defendant, who is the manager of a retail clothing shop, was served with a summons charging him with violating the dimout regulations of the city of New York in that he had failed to extinguish a neon sign more than one hour after sunset of that day. The summons was served only two minutes after the time fixed for extinguishment of the light. Thereafter, an information was filed in the Court of Special Sessions charging the defendant with wilfully and intentionally violating section 19, subdivision 8, clause (c), of chapter 544 of the Laws of 1942 (New York State War Emergency Act). The statute (§§ 101, 102) distinguishes between an infraction and a wilful and intentional violation, the former being punishable by a fine

of twenty-five dollars or five days in jail, or both, and the latter being punishable as a misdemeanor. The defendant, appearing in person, pleaded guilty and was thereupon sentenced to pay a fine of $500 and in default thereof was to serve sixty days in the City Prison. In addition, he was remanded to the workhouse for thirty days. Apparently the severity of the sentence was induced by the fact that the defendant had twice before been convicted of infractions of the dimout regulations, having been fined ten dollars on the first conviction and twenty-five dollars on the second conviction.

It appears to this court that in the absence of any evidence of a refusal to extinguish the light after an appropriate request or warning by the police officer, the sentence imposed went far beyond the meaning or implication of the defendant's plea of guilt. Had the State been put to its proof it would have experienced considerable difficulty in establishing that a failure to extinguish a light within two minutes of the time fixed for its extinguishment constituted a wilful and intentional violation of the statute. The claim that the excessiveness of the sentence presents a serious question for review is not contested by the District Attorney, whose offer to cooperate on the hearing of the appeal is most commendable.

The motion is granted; bail fixed at $500.